**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMIRHAN TEKELI,<br><br>Petitioner,<br><br>vs.<br><br>LEONARD ODDO, *in his official capacity as facility administrator of Moshannon Valley Processing Center et al.*,<br><br>Respondents. | ) | Civil Action No. 3:25-cv-500<br>Judge Stephanie L. Haines<br>Magistrate Judge Peter E. Ormsby |

**MEMORANDUM ORDER**

Presently before the Court is a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Emirhan Tekeli ("Petitioner") (ECF No. 1). Petitioner is currently detained at Cambria County Prison and claims he is being illegally detained without a bond hearing. He seeks immediate release from custody or in the alternative that Respondents hold a bond hearing pursuant to 8 U.S.C. § 1226. This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On September 10, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 15) recommending that the Petition (ECF No. 1) be granted in so far as it seeks an individualized bond hearing. The Parties were advised they could file objections to the Report and Recommendation within 14 days of service. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 15) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of

Magistrate Judge Ormsby in this matter. Judge Ormsby correctly found Petitioner to be eligible for a bond hearing under 8 U.S.C. § 1226(a).

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 6th day of October, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED in so far as it seeks an individualized bond hearing; and,

IT IS FURTHER ORDERED as follows:

1. The Government is directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing.
2. The bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary Section 1226(a) framework. The immigration judge shall state the reasons for the custody determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger to the community, a flight risk, or both. Nothing in this Order requires the immigration judge to reach any particular custody determination.
3. The Government shall arrange for an individualized bond hearing to be conducted by an immigration judge within **30 days** of the issuance of this Order.
4. If Petitioner is not provided with a bond hearing within **30 days** of the issuance of this Order, or if the immigration judge declines jurisdiction or denies eligibility for a bond hearing, Respondents shall immediately release Petitioner from custody.

5. If Petitioner is granted bond and the Government appeals the immigration judge's decision, then, upon notification to this Court, the writ shall issue and Petitioner shall be automatically released from custody.

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 15) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge